# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**CROWN CAPITAL HOLDINGS, LLC**  Index No. 808921/2023E
Plaintiff/Petitioner,

    -against-  **SUMMONS & COMPLAINT**

**SERENE INVESTMENT MANAGEMENT, LLC.**

    Defendants/Respondents.

To:  SERENE INVESTMENT MANAGEMENT, LLC.

YOU ARE HEREBY SUMMONED to answer the Summons and Complaint in this action pursuant to CPLR 3019(a) and to serve a copy of your Verified Answer, on Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after service is complete of this Summons is not personally delivered to you with the State of New York, and in the case of your failure to appear or to answer, judgment will be taken against by default for relief demanded in the Complaint.

Dated: New York, New York
      July 5, 2024

Yifat V. Schnur Esquire, LLC

_____
Yifat Schnur
26 Broadway, 19th Floor
New York, NY 10004
(347) 268-5347

To:  SERENE INVESTMENT MANAGEMENT, LLC.
     2625 Alcatraz Ave Suite 513, Berkeley, CA 94705

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CROWN CAPITAL HOLDINGS, LLC,

                Plaintiff,

-against-

SERENE INVESTMENT MANAGEMENT, LLC,

                Defendant.

Index No.:

**COMPLAINT**

      Plaintiff CROWN CAPITAL HOLDINGS, LLC ("Plaintiff" and "Crown"), by and through its attorneys, Yifat V. Schnur Esq. LLC, alleges upon information and belief:

      1.      Plaintiff Crown is a Delaware limited liability company authorized to transact business in the state of New York

      2.      Defendant Serene Investment Management, LLC ("Defendant" and "Serene") is as a California limited liability company.

      3.      Serene is foreign limited liability company.

      4.      Serene engages and transacts business in the State of New York.

      5.      Serene is authorized to transact business in the State of New York.

      6.      Mark Silber resides in New York and is the Sole Shareholder of CBRM Realty Inc. which is 100% owner of Crown.

      7.      On or about February 2024 Crown contacted Serene for the purpose of borrowing up to ten million dollars ($10,000,000) in connection with a mortgage of the premises commonly known as Carmel Spring located at 12151 I-10 Service Rd New Orleans, LA 70128; and Laguna Creek located at 6881 Parc Brittany Blvd New Orleans, LA 70128; and Redstone located at 3526 Stonegate Dr Flint MI 48507 ("Premises").

8. Plaintiff negotiated the terms of the lending agreement in New York County within New York State.

9. Serene advised Crown that it would lend Crown the requested funds, subject to generally accepted lending terms, at an interest rate of 18% and a default rate of an additional 12%, provided Serene had a first-priority mortgage on the Premises.

10. Serene then represented to Crown that Crown had a sufficient credit rating and credit history to borrow the funds.

11. To induce Crown to proceed with borrowing the funds from Serene—as opposed to another lending company—Serene then represented to Crown that it had sufficient funds available to lend Crown and that Crown could be paid within one week of submitting a retainer.

12. In order to proceed with the loan, Serene informed Crown that it needs to retain counsel and incur other borrower costs.

13. Based on Serene's representations and statements to Crown, Crown proceeded to retain counsel by hiring Mayer Brown LLP.

14. In good faith reliance on Serene's representations, Crown incurred legal costs in excess of $238,071.55.

15. In addition, based on Serene's representations and statements to Crown, Crown incurred other borrower costs for the purpose of borrowing funds from Serene.

16. Furthermore, based on Serene's representations and statements to Crown, Crown paid Serene a one hundred-thousand-dollar ($100,000.00) retainer fee.

17. Crown incurred these costs due to its good faith-based reliance on Serene's representation that it would lend Crown up to ten million ($10,000,000).

18. Despite the representation by Serene that their company specifically provides loans under the circumstances articulated by Crown during numerous calls between the parties and as articulated and discussed in detail during calls between attorneys for the parties, in or about March 2024, Serene informed Crown that it no longer will be willing to lend Crown the ten million dollars ($10,000,000).

19. As a result of Serene's misrepresentations and actions, Crown owes $238,071.55 to Mayer Brown LLP, and has paid a $100,000.00 retainer fee to Serene and incurred other costs and expenses associated with same.

20. These other costs include three hundred thousand dollars ($300,000.00) owed to Piper Sandler for broker fees.

21. Significantly, as a result of Serene's actions and misrepresentations, Crown was forced incur other borrower cost and expenses.

22. At all times relevant to this Complaint, Serene knew that its statements and representations to Crown, including the representation that Serene had sufficient funds to lend Crown and the representation that Crown had a sufficient credit rating and credit history to borrow the funds, were materially false.

23. To date, Serene refused to return the $100,000 retainer fee paid by Crown.

FIRST COUNT
(Fraudulent Inducement)

24. Plaintiff repeats and incorporates by reference the paragraphs set forth above as if fully set forth herein.

25. Serene falsely represented that it would lend Crown the requested funds, Crown had a sufficient credit rating and credit history to borrow the funds, it possessed

$10,000,000 to lend Crown within one week of receiving Crown's retainer and that Crown needed to retain counsel and incur other borrower costs in order to proceed with the loan.

26. Serene made these knowingly false representations for the purpose of inducing Crown to pay Serene a $100,000 retainer fee and incur other borrower costs and did so knowing that Crown would be borrowing from Serene at a higher interest rate then was the market rate during the relevant time period.

27. Crown was justified in its good faith reliance on Serene's representations that it would lend Crown up to $10,000,000 as Serene is a sophisticated lender that funds real estate projects and accepted Crown's $100,000 retainer funds.

28. As a result of Serene's misrepresentations and actions, Crown owes $238,071.55 to Mayer Brown LLP, and owes $300,000 to Piper Sandler and incurred other borrowing costs.

29. Furthermore, as a result of Serene's misrepresentations and actions, Crown does not have possession or control over its $100,000 retainer funds.

30. Accordingly, Serene owes Crown $238,071.55 owed to Meyer Brown, the $300,000 owed to Piper Sandler plus $100,000.00 and the other borrower costs incurred by Crown in connection with Serene's fraudulent inducement.

SECOND COUNT
(Promissory Estoppel)

31. Plaintiff repeats and incorporates by reference the paragraphs set forth above as if fully set forth herein.

32. Serene, promised Crown that it would lend Crown, subject to generally accepted lending terms and a first-priority mortgage on the Premises, up to $10,000,000 at an interest rate of 18% and default rate of an additional 12%.

33. Serene further promised Crown that Crown's credit rating and credit history were sufficient to borrow the funds.

34. Crown reasonably relied on Serene's promises to retain Mayer Brown LLP, pay Serene a $100,000 retainer fee and incur other borrowing costs in connection with obtaining the loan.

35. As a result of Serene's actions, Crown was forced to pay $238,071.55 to Mayer Brown LLP, lose the benefit of its $100,000 retainer fee and incur other borrowing costs.

36. Accordingly, Serene owes Crown $238,071.55 plus $100,000 and the other borrower costs incurred by Crown in connection with Serene's failure to lend Crown funds.

THIRD COUNT
(Equitable Estoppel)

37. Plaintiff repeats and incorporates by reference the paragraphs set forth above as if fully set forth herein.

38. Crown was justified in relying upon Serene's statements for the purpose of retaining Mayer Brown LLP, incurring a legal bill of $238,071.55 and paying Serene a $100,000 retainer fee.

39. In the interest of fairness and to prevent injustice, Crown should not be forced to incur a $238,071.55 loss due to Serene's lack of funds or change of heart.

40. Likewise, in the interest of fairness and to prevent injustice, Serene should not be allowed to keep the $100,000 retainer fee paid by Crown.

41. Accordingly, Serene should reimburse Crown $238,071.55 plus $100,000, plus $300,000.00 in broker fees to Piper Sandler - under the doctrine of equitable estoppel.

FOURTH COUNT
(Unjust enrichment)

42. The Defendant benefited in receiving a $100,000.00 in retainer funds from the Plaintiff.

43. Further the Plaintiff lost the benefit and use of its $100,000.00 as well as the other fees incurred as a result of Defendant's actions in the amount of $538,071.55.

44. It would be against equity and good conscience for the defendant to keep Plaintiffs $100,000.00 and for Plaintiff to lose the money expended on legal fees.

**WHEREFORE**, Plaintiff demands judgment against the defendants as follows:

i. An award as against Serene Investment Management, LLC in the amount of $638,071.55 an additional amount to be determined by the jury for Crown's other damages and/or injuries;

ii. Attorneys' fee and costs of enforcement; and

iii. Such other and further relief as the Court may deem just and proper.

Dated: June 25, 2024

                                  YVLS LAW
                                  *Attorneys for Plaintiff*

                                  By: Yifat V. Schnur
                                  26 Broadway, 19th Flr.
                                  New York, NY 10004
                                  347-268-5347
                                  Yifat@yvlslaw.com

## ATTORNEY VERIFICATION

STATE OF NEW YORK   }
                    } ss.:
COUNTY OF NEW YORK  }

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That deponent is a member of the firm of Yifat V. Schnur Esq. LLC, the attorneys of record for the plaintiff, in the within action; that deponent has read the foregoing Summons and Complaint, and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes same to be true. Deponent further states that the reason this Verification is made by deponent and not by said plaintiff is that said does not have an office in the county wherein plaintiff resides.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: Records and correspondence in deponent's possession.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: June 25, 2024

_____
Yifat V. Schnur