UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RH NEW ORLEANS HOLDINGS, LLC,<br><br>               Plaintiff,<br><br>-against-<br><br>SERENE INVESTMENT MANAGEMENT, LLC, and<br>ADAM PHILLIPS,<br><br>               Defendants. | ECF No.: 1:24-cv-06331<br><br><br><br><br>Hon. Jed S. Rakoff |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

YVLS LAW
Yifat V. Schnur
26 Broadway, 19th Flr.
New York, NY 10004
347-268-5347
*Yifat@yvlslaw.com*

*Attorneys for Plaintiff*
*RH New Orleans Holdings, LLC,*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 5

BACKGROUND ................................................................................................... 5

    I.    The Parties ................................................................................................ 5

    II.    The Transaction ........................................................................................ 6

ARGUMENT ....................................................................................................... 7

    I.    Legal Standard on a 12 (c) motion for a Judgment on the Pleadings. ........................... 7

    II.    Count One – Fraudulent Inducement ............................................................ 8

        A.    Intent to Defraud .................................................................................. 8

        B.    Plaintiff Reasonably Relied on Defendant's Knowingly False Representations .......... 11

        C.    The Fraudulent Inducement is not Duplicative of the Breach of Contract Claim ........ 12

    III.    Count Two – Breach of Contract ................................................................ 13

    IV.    Count Four – Promissory Estoppel not Duplicative of Breach of Contract Claim ....... 14

    V.    Unjust Enrichment ................................................................................ 15

    VI.    Defendant Phillips is Liable Because he acted fraudulently and deceitful being making knowingly false statements which Plaintiff relied on to its detriment and is thus not entitled to hid behind a corporate entity................................................................................. 16

CONCLUSION................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*Clifford R. Gray, Inc. v. LeChase Constr. Servs.*, LLC, 31 A.D.3d 983 ...................................... 14

*Betz v Blatt,* 160 A.D.3d 696 ........................................................................................... 15

*BLS Holdco, LLC v. Kushner Cos., LLC.* 2024 N.Y. Misc. LEXIS 552 .................................... 15

*Castellotti v. Free*, 138 A.D.3d 198.................................................................................... 14

*Centronics Financial Corp. v. El Conquistador Hotel Corp.,* 573 F.2d 779, 780...................... 10

*Chavez v. Occidental Chem. Corp.,* 933 F.3d 186.................................................................. 7

*Cronos Group Ltd. v XComIP, LLC,* 156 A.D.3d 54............................................................... 17

*DerOhannesian v City of Albany* 110 A.D.3d 1288 ............................................................... 15

*Fromer v. Yogel*, 50 F. Supp. 2d 227. .................................................................................. 9

*Georgia Malone &Co., Inc. v. Rieder*, 19 N.Y.3d 511 ........................................................... 14

*GoSmile, Inc. v. Levine*, 81 A.D.3d 77 ................................................................................ 11

*Hawthorne Group, LLC v. RRE Ventures*, 7 A.D.3d 320 ........................................................ 11

*In re Parmalat Sec. Litig.*, 684 F. Supp. 2d 453. .................................................................. 8

*International Nut Alliance, LLC v Bank Leumi USA*, 2016 N.Y. Misc. LEXIS 3552.................. 13

*IS Chrystie Mgt. LLC v. ADP, LLC,* 205 A.D.3d 418.............................................................. 11

*Knutson v. G2 FMV, LLC*, 2018 U.S. Dist. LEXIS 1038 ......................................................... 11

*Laduzinski v Alvarez & Marsal Taxand LLC*, 132 A.D.3d 164................................................ 11

*MatlinPatterson ATA Holdings LLC v Federal Express Corp.*, 87 A.D.3d 836 ......................... 14

*OceanhouseNYC, LLC*, 2023 N.Y. Misc. LEXIS 1219 ............................................................ 17

*People v. Martin*, 116 A.D.3d 1166 ..................................................................................... 9

*People v. Swain*, 309 A.D.2d 1173 ...................................................................................... 9

*Richstone v Everbank Reverse Mtge. LLC,* 27 Misc. 3d 1201(A) ............................................ 13

*Rothstein v. Equity Ventures*, LLC, 299 A.D.2d 472.............................................................. 16

*Sabo v. Delman*, 3 N.Y.2d 155 .......................................................................................... 11

*See Minico Ins. Agency, LLC v B&M Cleanup Servs.*, 165 A.D.3d 776 ................................... 17

*Wiener v. Lazard Freres & Co.*, 241 A.D.2d 114.................................................................. 13

*WIT Holding Corp. v. Klein*, 282 A.D.2d 527 ...................................................................... 13

3

**Citations to the Amended Complaint**

AC ¶ 10 ........................................................................................................................................ 6, 14

AC ¶ 12 ............................................................................................................................................. 17

AC ¶ 13 ............................................................................................................................... 6, 8, 10, 17

AC ¶ 13, 21 ............................................................................................................................... passim

AC ¶ 14 ............................................................................................................................................. 17

AC ¶ 1-6 ............................................................................................................................................. 5

AC ¶ 18 ............................................................................................................................... 8, 9, 10, 18

AC ¶ 19 ............................................................................................................................................. 18

AC ¶ 20 ........................................................................................................................................ 7, 8, 9

AC ¶ 23 ............................................................................................................................................. 18

AC ¶ 26 ............................................................................................................................................. 12

AC ¶ 29 ..................................................................................................................................... 6, 8, 10

AC ¶ 75 ............................................................................................................................................. 14

AC ¶13, 17 ................................................................................................................................. 10, 17

AC ¶35 ............................................................................................................................................... 9

Plaintiff RH New Orleans Holdings, LLC ("Plaintiff"), by and through its undersigned counsel, respectfully submits this memorandum of law in opposition to Defendants motion for judgment on the pleadings (Dkt. No 12) pursuant to Federal Rule of Civil Procedure 12(c).

## PRELIMINARY STATEMENT

Defendant Serene is a sophisticated lender holding itself out as being able to fund during distressed situations. Plaintiff sought out and sent money to Defendant based on the express representations that Defendant's operations are to facilitate borrowers experiencing difficult situations, such as Plaintiff was undergoing. Defendants now seek to throw out Plaintiff's complaint and begin their brief by hailing the fact that Plaintiff's principal plead guilty to a felony, albeit months *after* the incident at issue, as if this somehow mitigates Defendant's own civil wrongs. It does not. And in fact, Defendants knew about the possible felony conviction almost half a year ***prior*** to the plea, as Plaintiff was very transparent with Defendants about the possibility of a plea on the horizon and sought out and relied on Defendants purported expertise in lending during times of crisis. Said detrimental reliance by Plaintiff and Defendants actions leading up to same is exactly what has given rise to this litigation.

## BACKGROUND

I.  <u>The Parties</u>

Plaintiff RH New Orleans Holdings is a Louisiana limited liability company and a branch of RH New Orleans Holdings a Delaware limited liability company. RH is an affiliate entity of Crown Capital LLC. Mark Silber ("Silber") resides in New York and is the Sole Shareholder of CBRM Realty Inc. which is 100% owner of Plaintiff. Defendant Serene Investment Management, LLC ("Defendant" and "Serene") is as a California limited liability company. Defendant Adam

Phillips is the sole member of Serene and a resident and domiciliary of California. Serene is a foreign limited liability company. AC ¶ 1-6.

II.     The Transaction

On or about February 2024, Plaintiff contacted Serene for the purpose of borrowing up to ten million dollars ($10,000,000) in connection with a mortgage of the premises[1] commonly known as Carmel Spring located at 12151 I-10 Service Rd New Orleans, LA 70128; and Laguna Creek located at 6881 Parc Brittany Blvd New Orleans, LA 70128; and Redstone located at 3526 Stonegate Dr Flint MI 48507 ("Premises"). AC ¶ 10. Plaintiff disclosed the difficult situation its principal, Silber, was facing in an effort to be completely transparent, as Plaintiff wanted to ensure Defendants fully understood the principal's personal situation so that same would not create an impediment to lending which Plaintiff required immediately, in order to avoid Plaintiff's company being taken over and lost to senior creditors on the companies' real estate portfolio. AC ¶ 10.

While Defendant Serene, via Defendant Phillips, represented the interest rate would be high due to the circumstances of Plaintiff's principal but that would not be an impediment to getting the transaction done as Serene's business platform is to specifically lend in the types of situations discussed between Serene and Plaintiffs' Principal's attorney and that Serene would fund the deal within one week of receiving the retainer. Serene expressly represented its specialty is providing loans under the circumstances articulated by Plaintiff during numerous calls between the parties and as articulated and discussed in detail during calls between attorneys for the parties, and reiterated that's why Defendant's interest rates for lending were so high. AC ¶ 13, 21 and 29.

---

[1] The loan was needed to make interest payments to the senior creditors (Bond Holders) of Plaintiff's parent company. This information was known to Defendants and is provided here for the purpose of clarity but is not substantive information needed to decide the issues presented in plaintiff's answering papers.

In reliance on Defendant's knowingly false representation, Plaintiff wired the amount of one hundred thousand dollars to Defendant Serene, within one day of receiving the term sheet. ON or about March 2024, after ghosting Plaintiff for a period of time, and after much prodding, Serene informed Plaintiff that it will not lend Plaintiff the ten million dollars ($10,000,000). AC ¶ 27 and 29.

After deceiving Plaintiff into providing Serene with Plaintiff's last source of funds to save Plaintiff's real estate portfolio, Defendant conveniently decided that the fact Plaintiff's principal was facing criminal issues, which were fully disclosed during the negotiations, was now the reason they would not provide the loan and refused to return Plaintiff's funds. Defendants acted in a fraudulent manner by knowingly deceiving Plaintiff into believing that the provision of funds would result in the immediate provision of a loan. Defendants now come and argue sheepishly that the term sheets language protects them from this deceitful conduct and attempt to persuade the Court that Plaintiff claims should not be given credence because it's Principal is a "convicted felon,"[2] yet notably fail to admit they were fully aware of Plaintiff's situation almost half a year *before* any plea was taken. The truth is as alleged in the complaint, Defendant fraudulently induced Plaintiff into providing the funds, knowing full well - Defendant had no intention to in fact provide said funds. And knowing full well the devastation Defendants fraudulent representations would cause. AC ¶ 20.

## ARGUMENT

**I.**      **<u>Legal Standard on a 12 (c) motion for a Judgment on the Pleadings.</u>**

---

[2] Defendants would be well advised to read, Justice Fredric Block, *A Second Chance – A Federal Judge Decides Who Deserves It* (First Edition, September 2024).

As this Honorable court most certainly knows, "in deciding a Rule 12(c) motion, we accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiffs'] favor." *Chavez v. Occidental Chem. Corp.,* 933 F.3d 186 citing *Johnson v. Rowley,* 569 F.3d 40, 43 (2d Cir. 2009). The motion can only be granted if no material issue of fact exists, and the court may not consider matters outside the pleadings.

## II.    Count One – Fraudulent Inducement

As sufficiently plead in the complaint, Defendants had specific knowledge of Silber's potential criminal conviction because Silber via his attorneys and attorneys for Plaintiff communicated same expressly to Defendants. Thus, Defendants knew exactly of any potential difficulties in funding this loan transaction and yet claimed falsely to Plaintiff that the loan would be funded. Defendants made this false representation knowing Plaintiff would rely on it to its detriment and knowing at the time the statements were made, that Defendant had no intention of funding the loan.

### A.  Intent to Defraud

To succeed on a claim for fraudulent inducement Plaintiff must sufficiently allege, (1) Defendant made a material misrepresentation of fact, namely that they would fund the loan despite the background of Plaintiff; (2) Defendant knew full well at the time the statement was made that it was false and that Defendant in fact had no intention of actually providing the loan; (3) the Defendant made the statement intending for Plaintiff to rely on it to Plaintiffs detriment; (4) Plaintiff reasonably relied on Defendants representations that Defendants would in fact loan Plaintiff the money based on Defendants express representations to fund within a week of receiving the retainer funds; and (5) in relying on Defendants knowingly false statements, Plaintiff suffered damages including loss of the premises. *In re Parmalat Sec. Litig.,* 684 F. Supp. 2d 453.

The plaintiff in this case has sufficiently alleged facts to establish each of these elements.

The complaint specifically alleges:

1. During each and every conversation or conference call Phillips represented, falsely, that Serene specifically lends to Companies experiencing the difficulties Plaintiff was handling and further representing that is why the lending rates w[e]re so high. AC ¶ 13;

2. In order to proceed with the loan, Serene informed Plaintiff that it needs to retain counsel and incur other borrower costs. AC ¶ 18;

3. In further attempt to induce Plaintiff's reliance on Serene's knowingly fraudulent misrepresentations that Serene would in fact lend money to Plaintiff, Serene requested to speak with the attorney who represents Plaintiff's principal. AC ¶ 20;

4. Despite the representation by Serene that their company specifically provides loans under the circumstances articulated by Plaintiff during numerous calls between the parties and as articulated and discussed in detail during calls between attorneys for the parties, in or about March 2024, Serene informed Plaintiff that it will not lend Plaintiff the ten million dollars ($10,000,000). AC ¶ 29;

5. At all times relevant to this Complaint, Defendants knew that its statements and representations to Plaintiff, including the representation that Serene had sufficient funds to lend Plaintiff and the representation that Plaintiff had sufficient credit rating and credit history to borrow the funds, were materially false. AC ¶35.

Plaintiff has sufficiently pled specific facts supporting Plaintiff's contention that Defendant knew Silber was in a dire situation and prayed on him in order to con Plaintiff out of its last remaining funds and figuring it would never be held accountable for same, materially misrepresented to Plaintiff Defendant's intention to lend money when in fact Defendants had no intention of lending the money and sent Plaintiff on a wild goose chase jumping fictious hurdles to funding such as securing additional counsel, which Plaintiff did, when in reality Defendant was never

going to provide the loan. Despite Defendant's contention otherwise, none of the above are conclusory assertions and are deemed to be true for purposes of evaluating this motion.

Further, the intent to defraud can be inferred from the circumstances surrounding the alleged misrepresentations. In *People v. Swain*, the court held that the defendant's intent to defraud could be inferred from the defendant's conduct and the surrounding circumstances, despite the absence of direct proof. *People v. Swain*, 309 A.D.2d 1173; *See* also *People v. Martin*, 116 A.D.3d 1166. And in *Fromer v. Yogel*, the court found that the plaintiff's allegations supported an inference of fraudulent intent where the complaint alleged that the defendants portrayed a Ponzi scheme as a legitimate enterprise. *Fromer v. Yogel*, 50 F. Supp. 2d 227.

The plaintiff has alleged that Serene required the plaintiff to retain counsel and incur other borrower costs (AC ¶ 18) and requested to speak with the plaintiff's attorney to further induce reliance on the fraudulent misrepresentations (AC ¶ 20). These actions demonstrate an intent to deceive the plaintiff into believing that the loan would be provided, thereby inducing the plaintiff to incur costs and take actions based on these false representations.

Defendants attempt to claim that the very same allegations Plaintiff uses to demonstrate intent to defraud demonstrate lack of intent, fail. The actions as alleged must be viewed in the light most favorable to Plaintiff and it is Plaintiff's contention that defendant, requiring Plaintiff to retain counsel and incur other borrower costs, and engaging in multiple calls with Plaintiffs lawyers, (AC ¶18 and 29) were merely done to give the appearance that Defendants intended to fund, when in fact Defendant had no such intention, as evidenced by the fact that they did not provide funds, and had all the information necessary to make the alleged determinations of whether to fund or not well in advance of directing Plaintiff to immediately wire, <u>within one business day,</u> ( AC ¶26) one hundred thousand dollars ($100,000.00), and merely directed

Plaintiff to take the above actions so that Plaintiff would be led to believe the transaction would be consummated, and wired the funds to the defendant – who did not fund, did not provide any documents evidencing any work was done towards getting this transaction consummated, did not return the funds, but instead intentionally deceived Plaintiff out of it's $100,000.00.

B. Plaintiff Reasonably Relied on Defendant's Knowingly False Representations

Defendant made numerous representations during the five to seven phone calls during which Defendant was inducing Plaintiff into the transactions with false, assurances that the transaction would happen, the circumstances Silber was facing was something Defendant was used to navigating, and that the funds would be delivered within a week. AC ¶13, 17, 21. But for these material misrepresentations, Plaintiff would never have wired the funds. Fraudulent oral representations that induced reliance, are proper even though they may contradict provisions of a written contract. *Centronics Financial Corp. v. El Conquistador Hotel Corp.,* 573 F.2d 779, 780. Moreover, the term sheet stating there is no obligation to fund until mutually binding loan documents are signed, does nothing to diminish Plaintiff's allegation that Defendant repeatedly made knowingly false representations to Plaintiff in a successful effort to induce Plaintiff into signing the term sheet and sending the money. But for Defendants misrepresentations Plaintiff would have never signed the term sheet or wired the funds.

Significantly, the Parol evidence rule does not apply to fraud and oral representations may be introduced to contradict a written agreement in certain instances, particularly when fraud is alleged, as is the case here. For example, in the case of *Knutson v. G2 FMV, LLC*, the court noted that a general merger clause does not preclude Parol testimony where a claim is based on fraud in the inducement. *Knutson v. G2 FMV, LLC*, 2018 U.S. Dist. LEXIS 1038. This principle is further supported by the case of *Sabo v. Delman,* where the New York Court of Appeals held

that the Parol evidence rule does not apply in a suit brought to rescind a contract on the ground of fraud, allowing evidence of fraudulent oral misrepresentation to be introduced to avoid the agreement *Sabo v. Delman*, 3 N.Y.2d 155.

    C.   <u>The Fraudulent Inducement is not Duplicative of the Breach of Contract Claim</u>

In *IS Chrystie Mgt. LLC v. ADP, LLC*, the court found that a fraud claim was not duplicative of the contract claim because the alleged misrepresentations were of present facts, which are collateral to the contract. The plaintiff alleged that the defendant misrepresented those problems had been fixed when they had not, which was separate from the defendant's contractual obligations. *IS Chrystie Mgt. LLC v. ADP, LLC,* 205 A.D.3d 418. In the case sub judice, Plaintiff has properly pled sufficient facts to support a separate claim for fraudulent inducement that is not duplicative of its breach of contract claim because a present fact in the context of fraudulent inducement refers to a misrepresentation of a material fact that existed at the time the statement was made, rather than a promise or intention regarding future actions. Thus, Defendant's misrepresentation of present facts at the time Defendant was fraudulently inducing Plaintiff into wiring the funds and signing the agreement is considered collateral to the contract and can support a claim for fraudulent inducement, as it involves a separate breach of duty distinct from the contractual obligations. *Laduzinski v Alvarez & Marsal Taxand LLC*, 132 A.D.3d 164, *Hawthorne Group, LLC v. RRE Ventures*, 7 A.D.3d 320, *GoSmile, Inc. v. Levine*, 81 A.D.3d 77. The courts have recognized that fraudulent inducement can be based on misrepresentations of present fact that are collateral to the contract, rather than mere insincere promises of future performance.

Considering the above, Defendant's motion to dismiss the fraudulent inducement claim must be denied.

### III.    <u>Count Two – Breach of Contract</u>

Plaintiff alleged the term sheet was breached in that Plaintiff provided consideration to Defendant for the promise that Defendant would do the work necessary to fund the transaction. While it is Plaintiff's contention that Defendants never actually intended to fund, but were praying on Plaintiff in a vulnerable moment, the breach of contract was pled both s*ufficiently, separately and in the alternative* to the fraudulent inducement allegation. If Serene had intended on fulfilling its obligations under the contracts, some kind of document exchange, draft loan document or otherwise would have been exchanged prior to <u>the day before</u> the loan was to be funded. That Defendant did no such thing speaks volumes to the fact that defendant breached its contractual duty even where Defendant could reasonably foresee the significant damages that would result to Plaintiff by Defendants breach.

Despite the language of the contract stating it is a non-binding term sheet, Plaintiff has sufficiently alleged that a contract existed between the parties and in reliance on same provided funds to Defendant. The Term Sheet was viewed by Plaintiff as a retainer agreement, and in fact the funds are referred to as "retainer" funds in the document. AC ¶ 26.

Significantly, Serene via Defendant Phillips made express representations regarding his expertise in the situation Plaintiff was facing – and Plaintiff relied on same to its detriment. AC ¶ 21. Defendant took the money and did nothing more, all of the representations Defendant made during the numerous calls, while false, also created a duty for Defendant to take steps to provide said lending services. Defendant did neither.

Plaintiff's reliance on Defendant Lenders "superior expertise" in this situation arguably created a fiduciary duty and as such breach of the agreement was a breach of Defendants fiduciary duties to Plaintiff. *See Richstone v Everbank Reverse Mtge. LLC,* 27 Misc. 3d 1201(A), and *Wiener*

*v. Lazard Freres & Co.*, 241 A.D.2d 114, where the court recognized a fiduciary relationship because the plaintiffs relied on the defendant's expertise and connections during negotiations. *Id. See also, WIT Holding Corp. v. Klein*, 282 A.D.2d 527.

Moreover, the contract was breached because Plaintiff argues that Defendant did not in fact perform any of the other obligations under the agreement, aside for failing to consummate the loan transaction. Defendants incorrectly argue that the only condition to lending was signing of loan documents. This is clearly not right, as signing of the loan documents would be the result of multiple other actions being taken. Being that there is a clear dispute as to what the contracts obligations were, and whether Defendant performed them, it is not possible to resolve this issue on a 12(c) motion and the Court should deny Defendant's motion.

## IV.     <u>Count Four – Promissory Estoppel not Duplicative of Breach of Contract Claim</u>

A promissory estoppel claim is considered duplicative of a breach of contract claim when it is based on the same facts and seeks the same damages as the breach of contract claim. *International Nut Alliance, LLC v Bank Leumi USA*, 2016 N.Y. Misc. LEXIS 3552. Here, Plaintiff argues that the contract was not enforceable as it was procured by fraud and that Defendant had a duty, independent of the contract. Thus, Plaintiff's promissory estoppel claim cannot be duplicative. Moreover, Plaintiff does not seek the same damages on its promissory estoppel claim because Plaintiff sets forth that due to Defendant's fraudulent inducement, Defendant should be held responsible for the loss of the portfolio, and which was a foreseeable loss at the time Defendant made the false representations to Plaintiff, these damages exceed the contract damages.

Promissory estoppel may be alleged even where Plaintiff has alleged the contract was procured by fraud, provided Plaintiff can establish the necessary elements of promissory estoppel. These elements are: (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance

on the promise, and (3) injury sustained as a result of the reliance. *Clifford R. Gray, Inc. v. LeChase Constr. Servs.*, LLC, 31 A.D.3d 983, *MatlinPatterson ATA Holdings LLC v Federal Express Corp.*, 87 A.D.3d 836, *Castellotti v. Free*, 138 A.D.3d 198.

Here Plaintiff alleges: (1) Defendant's promises were that it had expertise, know-how and could get this transaction done within a week. AC ¶ 21; (2) Defendant could reasonably foresee the loss of the premises (and portfolio) where Plaintiff relied on Defendants promise to get this transaction done and then disappeared once the money was sent. AC ¶ 10; and (3) Plaintiff sustained serious economic injury by the loss of the premises in conjunction with the loss of the "one hundred-million-dollar real estate portfolio. AC ¶ 75.

## V. <u>Unjust Enrichment</u>

The Unjust enrichment claim is viable because Plaintiff has sufficiently pled sufficient facts to satisfy the elements of this claim. Unjust enrichment is a quasi-contractual claim that arises when one party is enriched at the expense of another under circumstances that make it unjust for the enriched party to retain the benefit without compensating the other party. It is based on equitable principles and does not require the existence of a contract between the parties. The elements of unjust enrichment are: (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) it is against equity and good conscience to permit the defendant to retain what is sought to be recovered *Georgia Malone &Co., Inc. v. Rieder,* 19 N.Y.3d 511. In *Georgia Malone & Co.*, the New York Court of Appeals emphasized that an unjust enrichment claim is rooted in the equitable principle that one should not be allowed to be enriched unjustly at the expense of another. The court stated that to adequately plead such a claim, the plaintiff must allege that the other party was enriched, at that party's expense, and that it is against equity and good conscience to permit the other party to retain what is sought to be recovered. *Id.* This principle was reiterated in

*DerOhannesian v City of Albany*, 110 A.D.3d 1288. *See* also *BLS Holdco, LLC v. Kushner Cos., LLC.* 2024 N.Y. Misc. LEXIS 552. This was also supported in *Betz v Blatt*, where the court highlighted that the essential inquiry in any action for unjust enrichment is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered *Betz v Blatt,* 160 A.D.3d 696.

Here, Plaintiff has established the Defendant's clearly obtained the benefit of Plaintiff's funds. Plaintiff has sufficiently pled facts to support a cause of action for fraudulent inducement which would render the agreement unenforceable, and it would be against equity and good conscience for Defendant to benefit from its fraud and be able to retain Plaintiff's funds at Plaintiff's expense. Further, unlike the fraudulent inducement claim, unjust enrichment does not require Plaintiff to prove the performance of any wrongful act by the defendant but rather like here, that the Defendant was enriched by Plaintiffs funds, did nothing to receive this benefit and should not be entitled to keep said funds, especially where so much collateral damage was suffered by Plaintiff, as that would be against equity and good conscience.

**VI.**     **Defendant Phillips is Liable Because he acted fraudulently and deceitful being making knowingly false statements which Plaintiff relied on to its detriment and is thus not entitled to hid behind a corporate entity.**

Plaintiff has alleged that Defendant Adam Phillips made specific statements, which Phillips knew were false at the time they were made, and that said statements were made to induce Plaintiff to rely on same in sending money to Defendant Serene, even though Defendant had no intention of doing any of the work to fund the transaction and planned to use the excuse of Silber's criminal exposure as an excuse not to fund from the outset. Again, Silber was up front about his circumstances and fully transparent about a possible criminal plea. Notably, the plea did not occur until almost half a year ***after*** the incident that is the subject matter of this litigation. And again,

Plaintiffs did everything Defendant's asked them to do to get them comfortable with the loan, which Plaintiff realized after sending the money, was a disingenuous means to obtain Plaintiff's funds knowing all the while – Defendant had no intention of providing the funding, and same can be inferred from the surrounding circumstances.

Further, if defendant had the expertise Phillips held himself out to have in communications with Plaintiff, Phillips would have known about whether or not this loan could be funded, so any excuse Defendant brings after the fact, including relying on the language of the term sheet[3], does nothing to absolve Defendant Phillips of his liability for luring Plaintiff into providing its last assets in an attempt to save Plaintiff's company from being taken over by its senior bond holders, and then scurrying away, once Plaintiff was coerced into sending the funds.

In New York, an LLC does not shield its principal from personal liability for fraudulent inducement. Members of a limited liability company (LLC) can be held personally liable if they participate in the commission of a tort, including fraud, even if the tort is committed on behalf of the LLC, as is the case here. This principle is supported by several cases, such as *Rothstein v. Equity Ventures, LLC*, where it was established that members of LLCs, like corporate officers, may be held personally liable if they participate in the commission of a tort in furtherance of company business *Rothstein v. Equity Ventures*, LLC, 299 A.D.2d 472. Similarly, in *OceanhouseNYC*, *LLC,* the court noted that a member of an LLC can be liable in their individual capacity for any torts committed by them, even if those torts were done on behalf of the LLC. *OceanhouseNYC, LLC*, 2023 N.Y. Misc. LEXIS 1219.

---

[3] Plaintiff refers to the term sheet here to the extent same is referred to in the Amended Complaint only.

The court in *Cronos Group Ltd. v XComIP, LLC*, affirmed that an individual could be held personally liable for fraud if they personally participated in the commission of the tort, regardless of their position within the LLC. *Cronos Group Ltd. v XComIP, LLC,* 156 A.D.3d 54; aligning with the general legal principle that corporate officers and directors may be held individually liable for fraud if they participated in or had knowledge of the fraudulent acts. *See Minico Ins. Agency, LLC v B&M Cleanup Servs.*, 165 A.D.3d 776.

As alleged with specificity in the Amended Complaint, defendant Phillips made the following fraudulent statements, knowing that Plaintiff would rely on same to its detriment and having no intention of actually doing anything to get the transaction done, aside for directing Plaintiff to spend more money and incur tremendous debt:

> Plaintiff spoke with Phillips Principal of Serene on at least five (5) separate occasions and as many as seven occasions (7). AC ¶ 12;

> During each and every conversation or conference call Phillips represented, falsely, that Serene specifically lends to Companies experiencing the difficulties Plaintiff was handling and further representing that is why the lending rates w[e]ere so high. AC ¶ 13;

> Serene through Phillips advised Plaintiff that it would lend Plaintiff the requested funds, subject to generally accepted lending terms, but at very high rate of interest, 18% and a default rate of an additional 12%, provided Serene had a first-priority mortgage on the subject Premises located in Louisiana. AC ¶ 14;

> Defendants further advised they would loan to Plaintiff could be paid within one week of Plaintiff submitting a retainer. AC ¶ 17;

> In order to proceed with the loan, Serene informed Plaintiff that it needs to retain counsel and incur other borrower costs. AC ¶ 18;

> Based on Serene's representations and statements to Plaintiff, Plaintiff proceeded to retain counsel by hiring Mayer Brown LLP. AC ¶ 19;

> Serene via Phillips also represented that the interest rate is so high due to the particular circumstances of Plaintiff's principal but that would not be a problem, Serene's business platform is to specifically lend in the types of

situations discussed between Serene and Plaintiffs' Principal's attorney and that Serene would fund the deal within one week of receiving the retainer. AC ¶ 21;

In addition, based on Serene's representations and statements to Plaintiff, Plaintiff incurred other borrower costs for the purpose of borrowing funds from Serene. AC ¶ 23.

Since the LLC structure does not provide a shield against personal liability for fraudulent inducement for its principals where it is alleged, as is the case here, that the Principal was directly involved in the fraudulent conduct, Defendant Phillips cannot at this stage, with the facts as alleged in the Amended Complaint assumed as true and being viewed in the light most favorable to the non-moving party, be absolved from personal liability and the court should deny Phillips instant motion.

## CONCLUSION

The court should deny Defendant's request for a judgment on the pleadings as Plaintiff has a sufficiently pled complaint and raised specific allegations and a dispute as to the facts which cannot be resolved via this motion exists. Out of an abundance of caution where the Honorable Court believes a more specific pleading is, to some extent, required Plaintiffs respectfully request the court grant leave to serve an amended complaint so as to replead any allegations which may require more specific facts.

Dated: October 7, 2024                  Respectfully submitted,
New York, New York

**YVLS LAW**

_____
By: Yitat V. Schnur
26 Broadway, 19th Flr.
New York, NY 10004
347-268-5347
Yifat@yvlslaw.com
*Attorneys for Plaintiff*