UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RH NEW ORLEANS HOLDINGS, LLC,

        Plaintiff,

v.

SERENE INVESTMENT MANAGEMENT, LLC and ADAM PHILLIPS,

        Defendants.

Case No. 24-cv-06331 (JSR)

Hon. Jed S. Rakoff

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

LOEB & LOEB LLP
Vadim J. Rubinstein
Noah Weingarten
Alexis A. Zobeideh
345 Park Avenue
New York, New York 10154
Tel.: 212-407-4000
vrubinstein@loeb.com
nweingarten@loeb.com
azobeideh@loeb.com

*Attorneys for Defendants*
*Serene Investment Management, LLC*
*and Adam Phillips*

# TABLE OF CONTENTS

    **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ........................................................................................................................ 1

    I.      The fraudulent inducement claim (Count 1) should be dismissed with prejudice. ................................................................................................... 1

    II.     The breach of contract claim (Count 2) fails for numerous reasons. ....................... 3

         A.     The claim fails because the Term Sheet is expressly non-binding. ........................................................................................... 3

         B.     Plaintiff's assertion that Serene did not exchange loan documents is false. ................................................................................ 4

         C.     Plaintiff's attempt to assert a fiduciary duty claim inside of an opposition to this Motion fails. ........................................................... 5

    III.    The promissory estoppel claim (Count 4) fails for numerous reasons. ................... 6

    IV.    Plaintiff abandoned its equitable estoppel claim (Count 5) by failing to defend the claim in the Opposition. ........................................................................ 8

    V.     The unjust enrichment claim (Count 6) also fails. .................................................. 8

    VI.    All claims against Phillips individually fail. ........................................................... 9

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Betz v. Blatt*,
  160 A.D.3d 696 (2d Dep't 2018) ........................................................................................9

*Bin Li v. Eqonex Ltd.*,
  No. 1:23-cv-03346-GHW,
  2024 U.S. Dist. LEXIS 169398 (S.D.N.Y. Sept. 18, 2024) .......................................................5

*BLS Holdco, LLC v. Kushner Cos., LLC*,
  No. 652944/2023,
  2024 N.Y. Misc. LEXIS 552 (N.Y. Sup. Ct. Feb. 1, 2024) .......................................................9

*Centronics Fin. Corp. v. El Conquistador Hotel Corp.*,
  573 F.2d 779 (2d Cir. 1978) .............................................................................................3

*DerOhannesian v. City of Albany*,
  110 A.D.3d 1288 (3d Dep't 2013) .....................................................................................9

*Frio Energy Partners, LLC v. Fin. Tech. Leverage, LLC*,
  680 F. Supp. 3d 322 (S.D.N.Y. 2023) ............................................................................ 7-8

*Fromer v. Yogel*,
  50 F. Supp. 2d 227 (S.D.N.Y. 1999) .............................................................................. 9-10

*Genna v. Sallie Mae, Inc.*,
  No. 11 Civ. 7371 (LBS),
  2012 U.S. Dist. LEXIS 54044 (S.D.N.Y. Apr. 16, 2012) .......................................................5

*Georgia Malone & Co., Inc. v. Rieder*,
  19 N.Y.3d 511 (2012) (Opp.) ...........................................................................................9

*Goldberg v. Pace Univ.*,
  88 F.4th 204 (2d Cir. 2023) ...............................................................................................8

*Jackson v. Fed. Express*,
  766 F.3d 189 (2d Cir. 2014) ...............................................................................................8

*Jun Young Lim v. Radish Media, Inc.*,
  No. 21 Civ. 4379 (ER),
  2024 U.S. Dist. LEXIS 115990 (S.D.N.Y. June 27, 2024) .......................................................7

*Kalaj v. Kay*,
    No. 21-CV-4395(EK)(JRC),
    2023 U.S. Dist. LEXIS 122687 (E.D.N.Y. July 17, 2023),
    *appeal filed*, Aug. 15, 2023.................................................................................2

*Mitchell v. Whole Foods Mkt. Grp., Inc.*,
    No. 20 Civ. 8496 (ER),
    2022 U.S. Dist. LEXIS 38737 (S.D.N.Y. Mar. 4, 2022) ................................................8

*Negrete v. Citibank, N.A.*,
    187 F. Supp. 3d 454 (S.D.N.Y. 2016)..........................................................................3

*Richstone v. Everbank Reverse Mortgage LLC*,
    27 Misc. 3d 1201(A) (N.Y. Sup. Ct. 2009)..................................................................5

*Rodas v. Manitaras*,
    159 A.D.2d 341 (1st Dep't 1990) .............................................................................3, 4

*Whipple v. Reed Eye Assocs.*,
    213 F. Supp. 3d 492 (W.D.N.Y. 2016) ........................................................................5

*Wiener v. Lazard Freres & Co.*,
    241 A.D.2d 114 (1st Dep't 1998) ............................................................................ 5-6

*WIT Holding Corp. v. Klein*,
    282 A.D.2d 527 (2d Dep't 2001) .................................................................................6

**Court Rules**

Fed. R. Civ. P. 9..................................................................................................................9

Fed. R. Civ. P. 12................................................................................................................10

Defendants, by and through their undersigned counsel, respectfully submit this reply memorandum of law in further support of their motion for judgment on the pleadings and in response to Plaintiff's opposition (Dkt. No. 15) (the "Opp." or "Opposition").[1] Simply put, none of the causes of action – based on a non-binding term sheet – are even remotely colorable.

**ARGUMENT**

**I. The fraudulent inducement claim (Count 1) should be dismissed with prejudice.**

In the Motion (p. 8), Defendants argued that the Amended Complaint failed to explain why any of the alleged misrepresentations were fraudulent. Likewise, Defendants argued that the Court is not required to accept as true conclusory assertions that a statement was false. *Id.* In the Opposition, Plaintiff abandons several of its theories and limits the scope of this cause of action solely to the alleged misrepresentation that Serene would lend funds to Plaintiff.[2] Nevertheless, Plaintiff fails to explain how this alleged statement was false when the Term Sheet – *i.e.*, the document where "[t]he terms of the contract were memorialized" (AC, ¶ 25) – expressly stated that it was "non- binding and . . . merely an expression of interest until mutually binding Loan Documents are signed." Dkt. 14-1. And Plaintiff paid the Retainer to Serene knowing that the Term Sheet said that it was non-binding.

Defendants also argued (Motion, pp. 9-10) that the Amended Complaint failed to allege scienter. Plaintiff made conclusory assertions that Defendants "sent Plaintiff on a wild goose chase"

---

[1] All capitalized terms used, but not defined herein, are defined in the opening memorandum of law in support of this motion. Dkt. No. 12 (the "Motion").

[2] The Opposition argues "that [Defendants] would fund the loan despite the background of Plaintiff." Opp., p. 8. This is far narrower than the allegations in the Amended Complaint (¶ 38) that Defendants purportedly misrepresented that "[1] Serene would lend Plaintiff monies, [2] Plaintiff had a sufficient credit rating and credit history to borrow the funds, [3] it possessed $10,000,000 to lend Plaintiff within one week of receiving Plaintiff's retainer and [4] that Plaintiff needed to retain counsel and incur other borrower costs in order to proceed with the loan."

and cites cases for the proposition that scienter can be inferred from circumstances surrounding an alleged misrepresentation. Opp., pp. 9-10. That argument actually *helps* Defendants because the Amended Complaint alleges facts that rebut scienter. **_First_**, the Amended Complaint alleges that the Term Sheet is a "contract outlining the terms represented during the phone calls between the parties." AC, ¶ 24. Yet, the Term Sheet imposed no obligations on Serene. Thus, how could Serene have defrauded Plaintiff by refusing to make a loan that was never promised? Plaintiff has no response. **_Second_**, the Amended Complaint alleges that Serene was purportedly going to charge a "higher interest rate then [sic] was the market rate during the relevant time period." *Id.*, ¶ 39. If so, Serene would have *wanted* to close the loan to obtain the above-market interest. Again, no response. **_Third_**, the Amended Complaint asserts multiple "calls between attorneys for the parties, in or about March 2024." *Id.*, ¶ 29. If Serene never had an intent to perform, then why would Serene incur this expense *after* having received the Retainer on February 26, 2024? *See id.*, ¶ 27. Again, no response. *See Kalaj v. Kay*, No. 21-CV-4395(EK)(JRC), 2023 U.S. Dist. LEXIS 122687, at *26 (E.D.N.Y. July 17, 2023) (rejecting plaintiff's argument that certain acts that were inconsistent with an alleged fraudulent scheme were "'a ruse' to facilitate the fraud" "given '[the] more likely explanations' appearing on the face of the complaint") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), *appeal filed*, Aug. 15, 2023.[3]

Defendants argued (Motion, pp. 11-12) that reliance was unreasonable as a matter of law because any alleged oral representation was contradicted by the Term Sheet and Plaintiff had no one to blame but itself when "[it] ha[d] been put on notice of the existence of material facts which

---

[3] Plaintiff erroneously asserts (Opp., p. 7) that Serene would not lend because "Plaintiff's principal was facing criminal issues." Plaintiff knows this is incorrect and in the Motion, Defendants noted (p. 1 n.1) that, while not in the pleadings, "the loan could not be made because the title insurance company refused to issue title insurance due to the criminal allegations against Plaintiff's principal."

ha[d] not been documented and [it] nevertheless proceed[ed] with a transaction without securing the available documentation or inserting appropriate language in the agreement for [its] protection." *Rodas v. Manitaras*, 159 A.D.2d 341, 343 (1st Dep't 1990). Plaintiff fails to cite or address *Rodas*. Instead, Plaintiff relies on *Centronics Financial Corp. v. El Conquistador Hotel Corp.*, 573 F.2d 779, 779 (2d Cir. 1978) for the proposition that "[f]raudulent oral representations that induced reliance, are proper even though they may contradict provisions of a written contract." That may be what the Lexis summary states, but *Centronics* itself does not say that. Rather, its holding was more limited and was made in an evidentiary context: "New York quite clearly rejects any strict application of the parol evidence rule when fraud is claimed" and "[a]n oral representation which is fraudulent and which induces reliance may be a defense even though it contradicts a provision of a written contract." *Id.* at 782. But that is completely irrelevant because the issue here is whether Plaintiff's reliance on alleged statements that predated the Term Sheet was reasonable – not an evidentiary issue of whether Plaintiff may add new or inconsistent terms to the Term Sheet.

## II. The breach of contract claim (Count 2) fails for numerous reasons.

### A. The claim fails because the Term Sheet is expressly non-binding.

In the Motion (p. 13), Defendants argued that a contract claim fails when a plaintiff does not allege "the specific provisions of the contract upon which liability is predicated." *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 468 (S.D.N.Y. 2016) (citation omitted). In response, Plaintiff fails to point to any provision that was allegedly breached.

In the Motion (pp. 13-14), Defendants also argued that they did not breach the Term Sheet because it was non-binding. In the Opposition (p. 13), Plaintiff argues that Defendants purportedly breached the Term Sheet by agreeing that it "would do the work necessary to fund the transaction" and did not "perform any of the other obligations under the agreement." *Id.* at 14. That incorrectly presumes that the Term Sheet imposed any obligation on Defendants. It indisputably did not since

the Term Sheet, by its express terms, was non-binding. Plaintiff concedes that "the language of the [Term Sheet] stat[es] it is a non-binding term sheet." *Id.* at 13. A non-binding document by definition cannot impose obligations. Simply asserting that "there is a clear dispute as to what the contract obligations were" does not impose any obligations on Defendants when the Term Sheet did not impose any obligations in the first place.

Plaintiff attempts to circumvent the Term Sheet's non-binding nature by asserting that "[t]he Term Sheet was viewed by Plaintiff as a retainer agreement." *Id.* Whether the Term Sheet was "viewed . . . as a retainer agreement" is completely irrelevant. Regardless of how Plaintiff "viewed" the Term Sheet, the law is clear that Plaintiff bore the responsibility to insert "appropriate language in the agreement for [its] protection." *Rodas*, 159 A.D.2d at 343. When a party – like Plaintiff – proceeds to operate under such an agreement absent such protections, that party has "willingly assumed the business risk that the facts may not be as represented." *Id.*

**B.     Plaintiff's assertion that Serene did not exchange loan documents is false.**

Plaintiff next argues (Opp., p. 13) that "[i]f Serene had intended on fulfilling its obligations under the contracts [sic], some kind of document exchange, draft loan document or otherwise would have been exchanged. . . ." Plaintiff is misleading the Court by implying that loan documents were not drafted or exchanged. ***This is completely false***. As Plaintiff well knows, draft loan documents *were* exchanged with Plaintiff's sophisticated counsel at Mayer Brown. Indeed, the Amended Complaint *repeatedly* asserts that Plaintiff retained Mayer Brown and incurred expenses in excess of $238,071.55 (AC, ¶¶ 19, 32, 41, 61, 65-66) and that there were "numerous calls between the parties" and "calls between attorneys for the parties." Opp., p. 6 (citing AC, ¶¶ 13, 21, and 29). Making arguments to the Court that documents were never exchanged is quite remarkable and simply false. This Court should not tolerate this highly improper and misleading assertion. Alternatively, the Court may disregard this false assertion because it is outside the four

corners of the Amended Complaint. *See Whipple v. Reed Eye Assocs.*, 213 F. Supp. 3d 492, 495 (W.D.N.Y. 2016) ("To the extent that some of plaintiff's submissions in opposition to the motion to dismiss make reference to facts outside of the complaint or otherwise attempt to amplify plaintiff's factual allegations, those extraneous facts will not be considered.").

### C. Plaintiff's attempt to assert a fiduciary duty claim inside of an opposition to this Motion fails.

Finally, Plaintiff argues (Opp., pp. 13-14) that Defendants had "superior expertise" that "arguably created a fiduciary duty" owed to Plaintiff. A potential lender/borrower relationship does not give rise to a fiduciary duty – particularly in a Term Sheet which is expressly non-binding. As a threshold matter, Plaintiff does not assert a fiduciary duty claim in the Amended Complaint and it is improper for Plaintiff to attempt to amend the Amended Complaint in its Opposition, especially after the deadline for amending the complaint has passed. *Bin Li v. Eqonex Ltd.*, No. 1:23-cv-03346-GHW, 2024 U.S. Dist. LEXIS 169398, at *48 n.11 (S.D.N.Y. Sept. 18, 2024) ("These allegations are not made in the Amended Complaint, and 'a party is not entitled to amend its complaint through statements made in motion papers.'") (quoting *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)).

More importantly, Plaintiff's assertion contradicts well-settled law that "no such duty generally exists between a lender and a borrower." *Genna v. Sallie Mae, Inc.*, No. 11 Civ. 7371 (LBS), 2012 U.S. Dist. LEXIS 54044, at *12-13 (S.D.N.Y. Apr. 16, 2012). Plaintiff alleges no facts to cause this Court to deviate from that rule. The entire relationship was a conventional one of lender/borrower. Plaintiff's authority to the contrary either contradicts Plaintiff's assertion or is irrelevant. In *Richstone v. Everbank Reverse Mortgage LLC*, 27 Misc. 3d 1201(A) (N.Y. Sup. Ct. 2009), the court found that no fiduciary duty existed and saw no reason for deviating from the default rule that lenders do not owe fiduciary obligations to borrowers. *Wiener v. Lazard Freres*

*& Co.*, 241 A.D.2d 114 (1st Dep't 1998) is entirely distinguishable because there, the court found a fiduciary obligation where a defendant engaged in negotiations with a third party on the plaintiff's behalf – which did not happen here. Finally, in *WIT Holding Corp. v. Klein*, 282 A.D.2d 527 (2d Dep't 2001), the case did not involve a lender or borrower and Plaintiff fails to inform the Court that *WIT* found that no fiduciary duty existed in that case because the parties were engaged in "an arms-length business relationship [that] does not give rise to a fiduciary obligation." *Id.* at 529. Simply put, there was no fiduciary duty here.

**III.     The promissory estoppel claim (Count 4) fails for numerous reasons.**

In the Motion (p. 15), Defendants argued that the existence of the Term Sheet precluded a promissory estoppel claim. Plaintiff's only response is that the Term Sheet is not enforceable. Opp., p. 14. Plaintiff's assertion contradicts Plaintiff's own Amended Complaint. Plaintiff pled the exact opposite in the Amended Complaint: "[a] valid, binding and enforceable contract was created by the signed Term sheet sent by Defendants to Plaintiff. . . ." (AC, ¶ 45) and Defendants never challenged that assertion.

In the Motion (p. 14), Defendants also argued that this claim duplicates Plaintiff's failed breach of contract claim. Plaintiff claims (Opp., p. 14) that the promissory estoppel claim is not duplicative because it "argue[d] that the contract [the Term Sheet] was not enforceable as it was procured by fraud." *Id.* That is incorrect as discussed above. Next, Plaintiff argues that "Defendant had a duty, independent of the contract." *Id.* Not true. The alleged "duty, independent of the contract" was a duty to lend. But that duty was covered by the Term Sheet as Plaintiff alleges in Amended Complaint: "Serene breached the contract when Serene refused to fund the loan the day before the loan was set to close." AC, ¶ 48. Finally, Plaintiff claims that it does not seek the same damages on its promissory estoppel claim. That is highly misleading because *all* of the damages that Plaintiff seeks as part of its fraudulent inducement and promissory estoppel

6

claims (*id.*, ¶¶ 43 and 67) are already being sought in the duplicative breach of contract claim. *See id.*, ¶ 51. In other words, if Plaintiff prevails on its breach of contract claim, it would recover 100% of what it seeks as part of these two other claims. The only difference is that the breach of contract claim seeks "the one hundred million-dollar ($1000,000,000.00) [sic] loss of its real estate portfolio" (*id.*) that it does not seek as part of the other claims.

Moreover, in the Motion (pp. 15-16), Defendants also argued that the conditions to lending had not occurred, therefore, there was no unconscionable injury, and consequently no basis for the claim. *See, e.g.*, *Jun Young Lim v. Radish Media, Inc.*, No. 21 Civ. 4379 (ER), 2024 U.S. Dist. LEXIS 115990, at *18 (S.D.N.Y. June 27, 2024) (citations omitted). In response, Plaintiff argued that "Defendants incorrectly argue that the only condition to lending was signing of loan documents. This is clearly not right, as signing of the loan documents would be the result of multiple other actions being taken." Opp., p. 14. Plaintiff's argument supports Defendants' position and solidifies that *multiple* conditions had to occur – which did not occur – prior to Defendants being obligated to lend.

Finally, in the Motion (pp. 16-17), Defendants argued that Plaintiff failed to show reasonable reliance because the alleged oral statements conflicted with the Term Sheet. *See Frio Energy Partners, LLC v. Fin. Tech. Leverage, LLC*, 680 F. Supp. 3d 322, 343 (S.D.N.Y. 2023) ("***While the Term Sheet requires Plaintiff to provide the full amount of the Structuring Deposit to Defendant, . . . it expressly relieves Defendant of any obligation to enter into any transaction or to commit to engage in the transaction. . . .Thus, in light of the plainly conflicting language in the Term Sheet, as a matter of law, Plaintiff could not have reasonably relied on earlier oral statements that Defendant would close the Investment Fund in entering into the Term Sheet***

*and agreeing to pay the Structuring Deposit.*") (emphasis added). Plaintiff fails to cite or address *Frio* – or Defendants' argument – at all. The promissory estoppel claim fails for yet another reason.

**IV.  Plaintiff abandoned its equitable estoppel claim (Count 5) by failing to defend the claim in the Opposition.**

In the Motion (p. 18), Defendants argued that the equitable estoppel claim should be dismissed because it is a remedy and not a cause of action. Plaintiff does not address this argument at all. Indeed, the words "equitable estoppel" do not appear once in the Opposition. As such, this cause of action should be dismissed as being abandoned. *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) ("[A] court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.").

**V.  The unjust enrichment claim (Count 6) also fails.**

In the Motion (p. 18), Defendants argued that this cause of action fails because it was entirely duplicative of the fraudulent inducement and contract claims. *See, e.g.*, *Mitchell v. Whole Foods Mkt. Grp., Inc.*, No. 20 Civ. 8496 (ER), 2022 U.S. Dist. LEXIS 38737, at *28-29 (S.D.N.Y. Mar. 4, 2022). **Plaintiff does not contest this argument in its Opposition** and the Court may dismiss the claim as abandoned on this basis alone. *See Jackson*, 766 F.3d at 198.

In the Motion (p. 19), Defendants also argued that the Term Sheet's existence precluded this cause of action. *See Goldberg v. Pace Univ.*, 88 F.4th 204, 214 (2d Cir. 2023) ("In New York, claims in quasi-contract such as unjust enrichment and promissory estoppel are ordinarily precluded if a 'valid and enforceable written contract,' even an implied contract, 'govern[s]' the relevant 'subject matter.'") (quoting *Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 587 (2d Cir. 2006)). In response, Plaintiff misstates the law by arguing that this cause of action "does not require the existence of a contract between the parties." Opp., p. 15. That is false. This cause of action requires that *no* contract exist. That is not the case here

because there is no dispute that the Term Sheet is valid and its existence precludes this cause of action. Indeed, Plaintiff's own Amended Complaint alleges that the Term Sheet is a "valid, binding and enforceable contract." AC, ¶ 45.

Plaintiff cites numerous cases that either support Defendants' position or are irrelevant. *Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y.3d 511 (2012) (Opp., p. 15) stated: "As we have stated on several occasions, '[t]he theory of unjust enrichment lies . . . ***in the absence of an actual agreement between the parties***.'" *Georgia Malone*, 19 N.Y.3d at 516 (emphasis added) (quoting *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142 (2009)). Likewise, in *DerOhannesian v. City of Albany*, 110 A.D.3d 1288 (3d Dep't 2013), the court affirmed the grant of a motion to dismiss and held that the unjust enrichment claim failed because "it is not against equity or good conscience to permit defendant to retain the amount of such legal fees." *Id.* at 1291. *BLS Holdco, LLC v. Kushner Cos., LLC*, No. 652944/2023, 2024 N.Y. Misc. LEXIS 552 (N.Y. Sup. Ct. Feb. 1, 2024) and *Betz v. Blatt*, 160 A.D.3d 696 (2d Dep't 2018) are distinguishable because there was no written agreement.

### VI. All claims against Phillips individually fail.

In the Motion (pp. 20-22), Defendants argued that each of the claims against Phillips individually were fatally defective or were inadequately pled. In the Opposition, Plaintiff does not address any substantive or pleading defect. Plaintiff does not address Defendants' argument that the fraudulent inducement claim (Count 1) fails Federal Rule 9 pleading standards because the Amended Complaint does not allege to whom or where Phillips made the alleged statements.

Plaintiff curiously cites *Fromer v. Yogel*, 50 F. Supp. 2d 227, 246 (S.D.N.Y. 1999) in support of its claims. In *Fromer*, the court found that Federal Rule 9's pleading standard was satisfied because "the Complaint alleges what misrepresentations and omissions were made, . . . the time of each such statement or omission, . . . the party responsible for the misrepresentations

9

and omissions, . . . the context of the statements and the manner in which they misled the plaintiff, . . . and what Defendants obtained as a result of the alleged frauds." The Opposition highlights how far the allegations are from *Fromer* because the Amended Complaint does not even identify a certain number of alleged phone calls (*see* Opp., p. 11) and asserts "Defendant made numerous representations" but does not even identify *which* defendant allegedly made these representations or to whom. The breach of contract claim (Count 2) fails for lack of privity because the term sheet was signed by Phillips on behalf of Serene; the promissory estoppel, equitable estoppel, and unjust enrichment claims (Counts 4-6) fail as to Phillips because he did not receive any enrichment or take any inconsistent position.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an Order pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings, dismissing Plaintiff's Complaint with prejudice and granting them such other and further relief as the Court deems just and equitable.

Dated: October 15, 2024
      New York, New York

Respectfully submitted,

LOEB & LOEB LLP

By: /s/ *Noah Weingarten*
Vadim J. Rubinstein
Noah Weingarten
Alexis A. Zobeideh
345 Park Avenue
New York, New York 10154
Tel.: 212-407-4000
vrubinstein@loeb.com
nweingarten@loeb.com
azobeideh@loeb.com

*Attorneys for Defendants*
*Serene Investment Management, LLC*
*and Adam Phillips*