UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌──────────────────────────────────────────┐
│ RH NEW ORLEANS HOLDINGS, LLC,             │
│                                           │
│           Plaintiff,                      │
│                                           │
│      -v-                                  │
│                                           │
│ SERENE INVESTMENT MANAGEMENT, LLC,        │
│ and ADAM PHILLIPS,                        │
│                                           │
│           Defendants.                     │
└──────────────────────────────────────────┘
```

24-cv-6331 (JSR)

OPINION AND ORDER

JED S. RAKOFF, U.S.D.J.:

Plaintiff RH New Orleans Holdings, LLC ("RH New Orleans") brings a variety of claims against defendant Serene Investment Management, LLC ("Serene") and its sole member and co-defendant, Adam Phillips. Am. Compl. ¶¶ 6, 37-75. Although RH New Orleans pursues a number of legal theories, its lawsuit generally relates to a loan that Serene considered making -- but ultimately declined to issue -- to RH New Orleans.

In February 2024, RH New Orleans contacted Serene in hopes of borrowing up to $10 million in connection with mortgages it held on several properties. Id. ¶ 10. RH New Orleans alleges that, during subsequent negotiations, "Phillips represented . . . that Serene specifically lends to [c]ompanies experiencing the difficulties [p]laintiff was handling." Id. ¶ 13. In return, Phillips explained that the lending rates would be "high": "18% and a default rate of an additional 12%, provided Serene had a first-priority mortgage on the subject [p]remises located in

1

Louisiana." Id. ¶¶ 13–14. According to RH New Orleans, Serene and Phillips also indicated that RH New Orleans "had a sufficient credit rating and credit history to borrow the requested funds," and that Serene "had sufficient funds available to lend [RH New Orleans]." Id. ¶¶ 15–16.

The parties then conducted due diligence in an apparent effort to complete the loan agreement. As part of this process, defendants advised plaintiff that the "loan . . . could be paid within one week of [p]laintiff submitting a retainer" but that RH New Orleans would "need[] to retain counsel and incur other borrower costs." Id. ¶¶ 17–18. Accordingly, RH New Orleans retained Mayer Brown LLP, "incurred legal costs in excess of $238,071.55," and "incurred other borrower costs for the purpose of borrowing funds from Serene." Id. ¶¶ 19, 22, 23. Finally, around February 25, 2024, RH New Orleans and Serene "entered into a contract outlining the terms represented during the phone calls between the parties," which was "memorialized in what Serene titled 'Bridge Term Sheet.'" Id. ¶¶ 24–25. In accordance with a provision in that agreement that required the payment of a $100,000 retainer fee "within one business day," RH New Orleans "wired the retainer fee to Serene on February 26, 2024." Id. ¶¶ 26–27.

The loan, however, fell through. In March 2024, Serene notified RH New Orleans that it would not lend the requested $10 million. Id. ¶ 29. RH New Orleans states that Serene cancelled

the loan "only . . . after receiving [its] retainer fee and a mere one day before the loan was to be funded." Id. ¶ 30. Relatedly, the complaint alleges that RH New Orleans incurred significant costs in preparation for the loan, including $238,071.55 in attorneys' fees, the $100,000 retainer fee to Serene, and $300,000 in broker fees to Piper Sandler. Id. ¶¶ 32-33.

RH New Orleans initiated this lawsuit to recover these costs. See id. at 10.[1] The amended complaint includes six causes of action: (1) fraudulent inducement; (2) breach of contract; (3) wire fraud; (4) promissory estoppel; (5) equitable estoppel; and (6) quasi-contract/unjust enrichment. See id. ¶¶ 37-75. At the initial pre-trial conference, held on September 5, 2024, the Court dismissed with prejudice the purported wire-fraud claim listed as the "Third Count." ECF No. 10; see also Brady v. Sheindlin, No. 21-669, 2021 WL 5312995, at *1 n.1 (2d Cir. Nov. 16, 2021) (explaining that 18 U.S.C. § 1343, the federal wire-fraud statute, does not provide for a private right of action). Around two weeks later, on September 17, 2024, defendants moved for judgment on the pleadings. See ECF No. 11. RH New Orleans submitted an opposition brief three weeks later, and defendants submitted a reply brief

---

[1] RH New Orleans also seeks an additional amount of damages connected to the purported "$100,000,000.00 . . . loss of [its] Real Estate Portfolio." Am. Compl. at 10. RH New Orleans's claims, however, appear to focus on the costs it undertook in connection with the loan and not on the value of its real-estate holdings. See id. ¶¶ 43, 51, 67, 72, 75.

the following week. See ECF Nos. 15, 16. On December 9, 2024, the Court issued a bottom-line order granting defendants' motion. See ECF No. 17. This Opinion explains the reasons for that decision.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." The "pleadings are closed" for purposes of Rule 12(c) "after an answer has been filed."[2] Liang v. Home Reno Concepts, LLC, 803 F. App'x 444, 446 n.2 (2d Cir. Feb. 14, 2020) (citing George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 n.2 (2d Cir. 1977)).[3] "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020). "To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter,

---

[2] The parties fail to recognize that only Serene submitted an answer to the amended complaint; Phillips's name does not appear on the answer. See ECF No. 7. Still, Phillips timely filed a motion to dismiss before his answer would have been due, so, especially given that the legal standards are the same (and that RH New Orleans has not pointed to this procedural hiccup), the Court treats the motion as to Phillips as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure but consolidates it with Serene's Rule 12(c) motion.

[3] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

accepted as true, to state a claim to relief that is plausible on its face." Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). "The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief . . . calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal conduct." Lynch, 952 F.3d at 75. In making this assessment, the Court "draw[s] all reasonable inferences in [the plaintiff's] favor." Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009).

Before turning to the merits of RH New Orleans's other claims, the Court first considers the so-called "equitable estoppel" claim. See Am. Compl. ¶¶ 68-72. Equitable estoppel is a remedy and not a cause of action.[4] See Gartner, Inc. v. HCC Specialty Underwriters, Inc., No. 20-cv-4885, 2023 WL 1380290, at *11 (S.D.N.Y Jan. 31, 2023); Einiger v. Citigroup, Inc., No. 14-cv-4570, 2014 WL 4494139, at *2 n.1 (S.D.N.Y. Sept. 12, 2014); Jain v. T & C Holding Inc., No. 10-cv-1006, 2011 WL 814659, at *7 (S.D.N.Y. Mar. 3, 2011). Indeed, RH New Orleans seemingly abandons this claim in its opposition brief. For these reasons, the "equitable estoppel" claim is dismissed.

---

[4] Both sides proceed as if New York law applies to this case, so the Court will do the same. See Fed. Ins. Co. v. Am. Home Assurance Co., 639 F.3d 557, 566 (2d Cir. 2011) ("[W]here the parties agree that New York law controls, this is sufficient to establish choice of law.").

Each of RH New Orleans's remaining claims -- fraudulent inducement, breach of contract, promissory estoppel, and unjust enrichment -- also fails. In the amended complaint, RH New Orleans alleges that the parties "entered into a contract" that integrated the "terms represented during the phone calls between the parties" and that was "memorialized in what Serene titled 'Bridge Term Sheet.'" Am. Compl. ¶¶ 24-25. Defendants attach that "Bridge Term Sheet" to their motion for judgment on the pleadings.[5] That document, however, states clearly in the first paragraph: "This term sheet is non-binding and is merely an expression of interest until mutually binding Loan Documents are signed." ECF No. 14-1 at 2. Even if earlier oral representations had assured RH New Orleans about its competitiveness for a loan (as alleged in the complaint), the term sheet -- which is only two pages and "memorialized" the "terms represented during the phone calls between the parties" -- clearly states that Serene had no obligation to fund the loan until the parties had finalized the agreement.

---

[5] "[C]ourts may on a Rule 12(c) motion -- just as on a Rule 12(b)(6) motion -- consider extrinsic material that the complaint incorporate[s] by reference, that is integral to the complaint, or of which courts can take judicial notice." Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F. 4th 293, 305 (2d Cir. 2021). Here, the "Bridge Term Sheet" is clearly referenced in the amended complaint and integral to RH New Orleans's claims, which include a claim for breach of contract and otherwise suggest that this document reflected the parties' agreement.

RH New Orleans tries to avoid this conclusion by focusing on the alleged earlier oral statements by Phillips. See, e.g., Opp'n Mem. at 18. But the complaint itself states that the Bridge Term Sheet "memorialized" the "terms represented during the phone calls between the parties." Am. Compl. ¶¶ 24-25. Further, even assuming Phillips's earlier statements contradicted the plain terms of the Bridge Term Sheet, RH New Orleans could not have reasonably relied on allegedly contradictory oral statements in the presence of more recent contractual language between the parties, and Serene was under no contractual obligation to fund the loan. Cf. Frio Energy Partners, LLC v. Fin. Tech. Leverage, LLC, 680 F. Supp. 3d 322, 344 (S.D.N.Y. 2023) (finding that a term sheet "defeat[ed] the claim for promissory estoppel because the provisions of the Term Sheet which were presented to Plaintiff prior to it providing the Structuring Deposit render any alleged statement by Defendant ambiguous and make any reliance upon Defendant's earlier statements unreasonable as a matter of law"). For these reasons, the Court dismisses RH New Orleans's remaining claims.

Before closing, the Court addresses the unjust-enrichment claim in more detail. RH New Orleans argues that Serene benefited by receiving the $100,000 retainer fee and that equity and good conscience require Serene to return the fee. Although the claim has some intuitive appeal, it fails for two

reasons. <u>First</u>, recovery on a theory of unjust enrichment is generally precluded when the parties have agreed to a written contract for events arising out of that subject matter. <u>See</u> <u>Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.</u>, 448 F.3d 573, 587 (2d Cir. 2006). Here, the parties agreed to a term sheet (what RH New Orleans itself calls a "contract") that alerted RH New Orleans that Serene had no obligation to fund the loan. <u>Second</u>, and more directly, that agreement reflects that the retainer fee was not contingent on Serene's issuing the loan. It provides: "Any unused portion of the retainer will be returned if Serene does not complete the Facility." ECF No. 14-1 at 3. Perhaps RH New Orleans could have stated a claim if it alleged that RH New Orleans had kept an "unused portion" of the retainer, but it includes no such allegation in its complaint or briefing. To the contrary, the complaint itself indicates that the parties both engaged in extensive negotiations and conducted significant due diligence, foreclosing any inference on the current record that Serene failed to return fees owed to RH New Orleans.

The Clerk of Court is hereby directed to enter final judgment dismissing the complaint.

SO ORDERED.

New York, NY
April /l , 2025

_____
JED S. RAKOFF, U.S.D.J.